IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| ELIZABETH M. EIDSON, )<br>)<br>Plaintiff, )<br>) No. 05-4302-CV-C-DW<br>v. )<br>)<br>JO ANNE B. BARNHART, )<br>Commissioner of Social Security, )<br>)<br>Defendant. ) | |

# ORDER

Elizabeth M. Eidson appeals the denial of her application for disability insurance benefits. See 42 U.S.C. §§ 401 et seq. She asserts a disability caused by pain and swelling in her right knee, and by depression. After a hearing, an ALJ found that Eidson was not under a "disability" as defined in the Social Security Act. The ALJ's decision is the final decision of the Commissioner. Because the record sufficiently supports the ALJ's findings, the decision is affirmed.

This Court reviews whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. See Stormo v. Barnhart, 377 F.3d 801, 805 (8th Cir. 2004). Substantial evidence is less than a preponderance, but enough that a reasonable mind finds adequate to support the ALJ's determination. See id. at 805. The Court considers "evidence that supports the ALJ's decision as well as evidence that detracts from it, but even if inconsistent conclusions may be drawn from the evidence, the agency's decision will be upheld if it is supported by substantial evidence on the record as a whole." Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005).

The facts and arguments are presented in the parties' briefs and are repeated here only in part. Eidson first argues that she meets the listing for depressive affective disorder. She asserts that, although treating and consultative physicians did not complete a Mental Residual Functional Capacity assessment, the criteria for listing 12.04(1) can be shown from the administrative record. Even assuming that the listing criteria could be gleaned from the record, substantial evidence undoubtedly supports the finding that Eidson does not meet the affective disorders listing.

The better argument is that the ALJ improperly weighed the evidence in determining Eidson's RFC. As to her depression, she cites record evidence that two doctors have diagnosed her with major depressive disorder, recurrent, and have given her low GAF scores (43 and 31). Eidson contends that the ALJ improperly discounted these examining mental health consultants' opinions by stating their participation in the case has the "tone of a last-minute attempt to build a mental disability case for herself after pretty much abandoning any kind of serious mental illness consideration nearly two full years earlier." This Court concludes that substantial evidence supports the ALJ's decision to discount these opinions as inconsistent with the record as a whole. Eidson did not even allege a disabling mental limitation in her application for benefits, which may be a factor in discounting a medical opinion. See Wilson v. Chater, 76 F.3d 238, 241 (8th Cir. 1996). And—beyond standard medication for depression—Eidson has received only sporadic treatment for mental impairment, including alcohol abuse. Further, as the ALJ considered, Eidson actually worked during the time she alleges a disability, contradicting the severe mental limitations diagnosed by the physicians examining her after the administrative hearing. See Tellez v. Barnhart, 403 F.3d 953, 956 (8th Cir. 2003) ("[T]he reports of her actual

2

behavior in the workplace were clearly at odds with the extreme limitations described by her psychiatrist and nurse practicioner.").

As for Eidson's physical limitations—primarily involving her right knee—the ALJ properly relied on the fact that no doctor who has treated or examined her has opined that she is physically disabled. And no doctor has put any specific long-term limitations on her ability to sit, walk, bend, lift, carry, or do other basic exertional activities beyond those the vocational expert was asked to assume in determining Eidson's ability to do work. See Young v. Apfel, 221 F.3d 1065, 1069 (8th Cir. 2000). There is no documented treatment for any physical impairment after about September 2002. See Moad v. Massanari, 260 F.3d 887, 892 (8th Cir. 2001) (failure to seek medical assistance for alleged physical impairments contradicts subjective complaints). Finally, Eidson has done substantial work after the alleged onset of disability, including holding a full-time job as a casino change attendant. See Goff v. Barnhart, 421 F.3d 785, 792 (8th Cir. 2005) ("Working generally demonstrates an ability to perform a substantial gainful activity."); Harris v. Barnhart, 356 F.3d 926, 930 (8th Cir. 2004).

It appears that the ALJ properly considered and discussed all of the record evidence—including medical records and Eidson's own testimony—in making the RFC finding. See Krogmeier v. Barnhart, 294 F.3d 1019, 1024 (8th Cir. 2002). Substantial evidence supports that finding. Substantial record evidence also supports the ALJ's conclusion that Eidson could perform her past relevant work as a bank safe deposit box clerk.

After careful examination of the record—including the briefs, the ALJ's decision, the transcript of the hearing, and additional medical and documentary evidence—this Court concludes that the ALJ's decision is supported by substantial evidence on the record as a whole.

3

Therefore, the Commissioner's decision denying Eidson's application for benefits is AFIRMED.

SO ORDERED.

       /S/ DEAN WHIPPLE
Dean Whipple
United States District Judge

Date: July 12, 2006